Richard Zeller, St. Petersburg, Fla., and Malka Isaak, Tampa, Fla., for debtor.

Langfred W. White, Clearwater, Fla., Trustee.

William A. Borja, Clearwater, Fla., for creditor.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

## In re MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC. Debtor.

### Bankruptcy No. 86–1183–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 12, 1989.

### ORDER ON EMERGENCY MOTION TO DISMISS CHAPTER 11 PROCEEDING

ALEXANDER L. PASKAY, Chief Judge.

When Mandalay Shores Cooperative Housing Association, Inc. (Debtor) first

sought refuge in the Bankruptcy Court on April 3, 1981, no one ever envisioned that the time would come when the Debtor itself would seek an escape from the bankruptcy courts which the Debtor used or, according to many, misused, over the years. Without reciting in detail the turbulent and sometimes convoluted history of this Debtor, it should be helpful to recite certain events which occurred since 1981 as appear from the three Chapter 11 cases in order to put the present matter under consideration in the proper focus.

As noted earlier, on April 3, 1981, the Debtor filed its first Voluntary Petition for Relief under Chapter 11. After numerous unsuccessful efforts even to undertake meaningful steps toward effectuating a plan of reorganization and to obtain confirmation of same, certain dissident members of the Debtor, led by Walter N. Smith (Smith), filed a Motion to Dismiss the Chapter 11 case on the basis that there was a total absence of a reasonable likelihood of rehabilitation of the Debtor coupled with continuing losses to the estate which, according to Smith, warranted a dismissal or, in the alternative, a conversion to a Chapter 7 liquidation case pursuant to § 1112(b)(1).

The Motion was heard in due course. On July 13, 1982 this Court entered an Order and having concluded at that time that inasmuch as the Debtor was a "non-monied", "non-business" and "non-commercial" corporation, in the absence of a consent, the case could not be converted to a Chapter 7 liquidation case by virtue of § 1112(c) of the Bankruptcy Code. In light of this finding, this Court considered the alternative, i.e., the dismissal. Having been satisfied that the Debtor was incapable of effectuating reorganization, granted the Motion to Dismiss filed by Smith. It appears, however, that the Order suspended the effectiveness of the dismissal for thirty (30) days in order to enable the warring parties to make peace by using common sense and resolve their feuds for the benefit of all concerned. Because of this provision of the Order of Dismissal, the case remained open which in turn triggered several new plans of reorganization and disclosure statements and additional amendments and objections to same and various and sundry matters going on for years in the first case without producing any tangible result.

On October 11, 1985, Smith renewed his Motion to Dismiss. On October 25, 1985, this Court granted the Motion and entered an Order of Dismissal. The Debtor sought a rehearing of the Order of Dismissal which was denied. After some additional miscellaneous litigation which included a notice of appeal filed by the Debtor addressed to the Order of Dismissal, since no stay was obtained pending appeal, the case was closed even though the formal documentation of the dismissal, i.e. the closing report, was not entered until July 7, 1988.

On November 4, 1985, or after this Court entered the Order of Dismissal, the Debtor filed its second Voluntary Petition for Relief under Chapter 11 in the Northern District of Illinois. In this connection, it should be noted that the only nexus this Debtor ever had with that district was the fact that the funds collected by the promoter of the Debtor were placed in a banking institution located in Chicago. Counsel for Smith, who ultimately successfully killed the first Chapter 11 case in this district, promptly filed an Emergency Motion to Dismiss the Chapter 11 case or in the alternative sought an order of abstention and also moved for change of venue back to Florida. The Motion was heard in due course. On December 19, 1985 Bankruptcy Judge Eisen of the Northern District of Illinois entered an Order granting the Motion to Dismiss with prejudice on the basis that the Petition for Relief was filed in bad faith; that it was merely an improper attempt to re-litigate the issues which were fully litigated in the first Chapter 11 case in Florida. The Debtor timely filed a Notice of Appeal challenging the Order of Dismissal. On appeal, District Judge Shadur in an extensive and detailed opinion, *In re Mandalay Shores Co-op Housing Association, Inc.*, 63 B.R. 842 (N.D.Ill.1986), affirmed the Order of Dismissal entered by Judge Eisen. The District Court also

agreed that the Petition (Debtor # 2) was, in fact, filed in bad faith.

While an appeal was still pending before the District Court in the Northern District of Illinois and before the appeal was decided, lo and behold the Debtor filed its third Chapter 11 Petition on March 31, 1986. The Debtor again filed a Disclosure Statement and Plan of Reorganization which was supplemented and amended several times. In the interim, Smith also filed a Disclosure Statement and Plan of Reorganization of his own which was also amended. Due to the numerous charges and counter charges and objections, neither the Debtor's Plan nor the Plan of Smith ever reached confirmation.

On April 7, 1989, Smith filed a Motion and sought the appointment of a trustee alleging mismanagement and fraud in conducting the affairs of the Debtor. In addition Smith also alleged repeated violations of several Orders of this Court. The Motion was heard in due course. On May 22, 1989 this Court entered an Order, deferred ruling on the Motion for Appointment of Trustee in order to permit the group represented by Mr. Borja, counsel for Smith, to file an amended disclosure statement and plan of reorganization by May 25, 1989. The Order further provided that in the event the creditors did not file an amended disclosure statement or amended plan of reorganization, this Court would reconsider the Motion and enter an appropriate order. In light of the fact that this Court is satisfied that there was amply persuasive evidence to grant the Motion to Appoint a Trustee since counsel for Smith failed to file a Disclosure Statement and a Plan of Reorganization. On May 26, 1989, this Court entered an Order and directed the U.S. Trustee to appoint a trustee in this Chapter 11 case. Shortly thereafter, Mr. Lan White was appointed by the Office of the United States Trustee and is still in charge of the affairs of the Debtor.

However, prior to the entry of this Order on May 24, 1989, the Debtor filed its Emergency Motion to Voluntarily Dismiss this Chapter 11 case. This is the Motion which is presently under consideration. The Motion is based on the following propositions urged by new counsel employed by the Debtor:

First, because of the pending appeal in the Northern District of Illinois this Court lacks subject matter jurisdiction to consider the third Chapter 11 Petition and, therefore, the filing was a legal nullity and should be dismissed.

Second, the dismissal in the Northern District of Illinois was with prejudice which, according to the Debtor, prohibited the refiling of the present Chapter 11 case.

Third, the notice of appeal filed in the Northern District of Illinois divested this Court of jurisdiction to entertain this third Chapter 11 case.

Fourth, in any event, the Debtor no longer has any desire to achieve reorganization and the only alternative is a dismissal inasmuch as by virtue of § 1112(c) of the Bankruptcy Code, the case cannot be converted to a Chapter 7 case absent the consent of the Debtor.

Considering these contentions seriatim, it is quite clear that the argument that this Court has no subject matter jurisdiction is obviously without merit. It needs no elaborate discussion to point out the obvious that once the District Court entered a general reference pursuant to 28 U.S.C. § 157(a) this Court has subject matter jurisdiction to consider all petitions filed under any and all of the operating chapters of the Bankruptcy Code including, of course, Chapter 11. Thus, to argue that the Bankruptcy Court lacks subject matter jurisdiction to maintain the Chapter 11 case is, to be charitable, is nothing short of sheer sophistry and borders on absurdity.

■ Next, the contention of the Debtor that once the notice of appeal was filed in the Northern District of Illinois from the Order of Dismissal entered by Judge Eisen this Court was divested of jurisdiction and, therefore, the third filing by the Debtor was a legal nullity and the case should be dismissed is equally without merit.

Ordinarily it is true that once a notice of appeal is filed, the lower court should not proceed any further and enter any orders

which deal with the same subject matter involved in the appeal. The basis of this rule is obvious. If the lower court would modify, alter or change in any fashion the order which is challenged on appeal, it would clearly be an unseemly interference with the appeal process. This certainly would be true, of course, if the lower court's acts occur in the same forum where the appeal is pending. In the present instance, the third petition was filed by the Debtor in this forum and not in the Northern District of Illinois. Clearly had the Debtor attempted to file a renewed Petition for Relief under Chapter 11 in the Northern District of Illinois it would have been highly improper and subject to dismissal inasmuch as the mere act of filing itself would have run afoul of the order of dismissal entered by Judge Eisen. This is so because the dismissal of the second Chapter 11 case was the very subject of the appeal which was pending before Judge Shadur. The third petition was not filed in the Northern District of Illinois but in this Court. The fact that Judge Eisen's decision was affirmed on appeal would not necessarily bar this Debtor forever to seek relief in an appropriate forum which is clearly the Middle District of Florida. It is true that this third Chapter 11 case may also be vulnerable on the basis that it was filed in bad faith and on this basis that the decision of Judge Shadur in Chicago may conceivably operate as a collateral estoppel. In addition it also might be argued that this Court's earlier dismissal represents the law of the case. No such contention is advanced currently before this Court. On the contrary, the entity who seeks dismissal is the Debtor itself, not Smith nor any other party of interest. The history and the background of this case leaves no doubt that the last thing the dissident members of this Association who, according to the president of the Association are no longer members, want is a dismissal, realizing that if the case is dismissed they would not get a dime of the contribution back from the Association. Based on the foregoing, this Court is satisfied, first that the Debtor was and still is an eligible entity for relief under Chapter 11 and this Court has subject matter jurisdiction; second, that the notice of appeal filed in the Northern District of Illinois did not divest this Court of jurisdiction to enter such orders as may be appropriate. The fact of the matter is if one accepts the argument of the Debtor this Court would even lack the jurisdiction to entertain the motion to dismiss filed by the Debtor.

■ Third, the notice of appeal filed in the Northern District of Illinois certainly had no impact on the third Chapter 11 Petition and, in this Court's opinion, neither did the order of Judge Eisen of dismissal with prejudice nor the affirmance of the same order by Judge Shadur especially in light of the fact that currently there is a trustee in charge of the estate who certainly will be in a position either to propose a plan of its own, i.e. a total liquidation plan, or conceivably consent on behalf of the estate to converting this Chapter 11 case to a Chapter 7 liquidation case. *See, In re Blanton Smith Corporation*, 37 B.R. 300 (M.D.Tenn.1983).

The last argument of the Debtor is equally without merit. The argument is based on the statement that the Debtor no longer desires to effectuate reorganization. This is, of course, a non-sequitur in light of the fact that while the Debtor might not have a desire to achieve reorganization, the trustee in charge of the estate might very well do so and most likely will do so. Based on the foregoing, this Court is satisfied that the Debtor's Motion is without merit.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Emergency Mo-

tion to Dismiss Chapter 11 Proceeding be, and the same is hereby, denied.

DONE AND ORDERED.